FILED
2007 Jun-14 AM 07:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STEVE MCSWAIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:07-CV-984-VEH |
| | ) |
| **WATKINS MOTOR LINES, INC.;** | ) |
| **LIBERTY MUTUAL INSURANCE** | ) |
| **COMPANY; et al.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

On April 4, 2007, Plaintiff (hereinafter "McSwain") filed an action in Circuit Court of Jefferson County, Alabama, against Watkins Motor Lines Inc. (hereinafter "Watkins") and Liberty Mutual Insurance Company (hereinafter "Liberty Mutual"). Count One of McSwain's Complaint seeks to recover benefits under the Workers' Compensation Act of Alabama from McSwain's employer, alleged to be Watkins. Count Two seeks to recover damages from both defendants under a claim of outrage resulting from the denial of benefits which is the subject of Count One.

Liberty Mutual timely removed the action on May 29, 2007, to this court asserting diversity of citizenship under 28 U.S.C. § 1332 as the basis for this court's subject matter jurisdiction. (Doc. #1 ¶ 8). Under 28 U.S.C. § 1445(c) "[a] civil action

in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." The only authority for keeping one or more claims and remanding one or more claims is found in 28 U.S.C. § 1441(c):

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

The foregoing statutory language is clear and unambiguous. Based upon the removal petition, this court has no jurisdiction over any part of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Instead, the basis for removal of this case to federal court falls under 28 U.S.C. § 1332 (diversity jurisdiction). Because 28 U.S.C. § 1441(c) only addresses claims arising under § 1331 and does not address claims arising under § 1332, this court does not have jurisdiction over any claims in this case due to the presence of the non-removable workers' compensation claim contained in McSwain's lawsuit.

Another judge in this district similarly decided this issue in *Flores-Reyes v. Tyson Chicken, Inc., d/b/a Tyson Foods, Inc., et al.,* 2:07-cv-872-JHH, on the basis of the plain language of 28 U.S.C. § 1441(c). To the extent that other district courts

have held otherwise, they have done so without any discussion of § 1441(c) and instead solely focus on whether the claim arises under the scope of the applicable workers' compensation laws. *See, e.g., Bryant v. Wausau Underwriters Ins. Co.*, WL 1159699, slip op. at 2 (M.D. Ala. 2007) in which the court remanded the plaintiff's workers' compensation claim and permitted the plaintiff's outrage claim to remain in federal court because it "was not an integral part of Alabama's workers' compensation regime" and thus did not "arise under" a workers' compensation claim.[1] Similarly, Magistrate Judge William H. Steele's order in *White v. Travelers Insurance Co., et al.*, 01-0398-S (S. D. Ala. 2001), is unpersuasive in that it wholly fails to discuss 28 U.S.C. § 1441(c) and relies upon, as authority, *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000) for the proposition that "When a claim made non-removable by Section 1445(c) is joined with one or more over which the federal courts have subject matter and removal jurisdiction, the latter are to be retained in federal court while the former is remanded to state court." However, *Reed* contains no such sweeping statement. Indeed, the court in *Reed* clearly had federal question jurisdiction under 28 U.S.C. § 1331 over at least some of the plaintiff's claims as those claims arose under the Americans with Disabilities Act, 42 U.S.C. § 12112(a).

---

[1] The outage claim was based on the defendants failure to authorize a surgery that an orthopaedic surgeon recommended.

Thus, the court's reliance on *White* in a diversity jurisdiction (only) case is misplaced.

Therefore, in light of the critical omission of § 1441(c) from the contrary district court decisions in diversity removal cases, this court is not persuaded by an analysis which allows a federal court to exercise diversity jurisdiction over a claim originally joined with a non-removable claim in state court. Furthermore, this court's conclusion is consistent with the Eleventh Circuit Court of Appeals holding that, when jurisdiction is unclear, remand is preferred because "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Therefore, since this action cannot be severed under § 1441 (c) and removal to federal court is prohibited by § 1445 (c), this court lacks subject matter jurisdiction and this action is due to be remanded to the Circuit Court of Jefferson County, Alabama, for all further proceedings.[2]  The Motion to Sever and Remand will be denied by separate order.

---

[2] 28 U.S.C. § 1447(d) states "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." Since this action was not removed pursuant to § 1443 (Civil Rights cases), the decision of this court to remand this case to State court is final.

**DONE** and **ORDERED** this 14th day of June, 2007.

                                        **VIRGINIA EMERSON HOPKINS**
                                        United States District Judge